# EXHIBIT 8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-80736-CIV-MARRA

JANE DOE #1 and JANE DOE #2,

       Petitioners,

vs.

UNITED STATES OF AMERICA,

       Respondent.

_____/

### DECLARATION OF FBI SPECIAL AGENT TIMOTHY R. SLATER

TIMOTHY R. SLATER declares as follows:

1. I am a Special Agent, Federal Bureau of Investigation (FBI), currently assigned as a Section Chief at FBI Headquarters, Washington, D.C. I was appointed a Special Agent in May 1999. Upon graduation from the FBI Academy at Quantico, Virginia, in September 1999, I was assigned to the Detroit Field Office. I was subsequently transferred to the FBI Miami Field Office in May 2006.

2. In 2006, I was assigned to work on an investigation of Jeffrey Epstein, who was accused of sexually abusing many young girls under the age of 18. In the course of our investigation, the FBI identified many potential victims of sexual abuse by Epstein. We obtained names by speaking to other victims, who frequently knew of friends who had also been paid money by Epstein to provide sexual services to him.

3. One of the victims identified was ▓▓▓▓▓▓▓▓▓▓ In January – February 2007, I used various computer indices to try and locate Ms. ▓▓▓▓ By using these indices and other means, I found two international phone numbers which I believed were being used by Ms.

███.

4. Sometime during January – February 2007, I called the one of the numbers, in an attempt to speak to Ms. ███. Also in my office was FBI Special Agent Nesbitt E. Kuyrkendall, the lead agent for the investigation of Jeffrey Epstein. I was not using a speakerphone when I spoke with Ms. ███. I asked S/A Kuyrkendall to be present because she, as the lead agent, was thoroughly versed in the details of the entire investigation, and I might need her assistance to respond to a question posed by Ms. ███ that I was unable to answer.

5. When I dialed the number, a young woman answered the phone. I told her my name, identified myself as a Special Agent with the FBI, and asked if she was ███. She said yes. I used a technique which I employ when speaking to people on the phone, who might question whether I am truly an FBI agent. I provided her with the phone number of the FBI Field Office in Miami, Florida, and told her she could hang up and verify the number. She could then call me back at the number, and her call would be routed to me. Ms. ███ said that would not be necessary.

6. I told Ms. ███ about our investigation of Jeffrey Epstein, and the allegations that Epstein had sexually abused many underage young girls. I told her we believed she might be a victim of sexual abuse by Epstein.

7. Ms. ███ answered basic questions, telling me that she did know Jeffrey Epstein. She quickly became uncomfortable, telling me she moved away to distance herself from this situation, and expressing her desire to "let this be in my past." She asked that I not bother her with this again.

8. I thanked Ms. ███ and told her I appreciated her time. I provided my name and encouraged her to call the FBI Miami Field Office, if she had any questions or needed assistance.

2

Govt Exhibit D
Case No. 08-80736-CIV-MARRA

The entire phone conversation only last several minutes.

9. I did not hear from Ms. ▮▮▮▮ again. In mid-March 2007, I reported for my new assignment at FBI Headquarters in Washington, D.C.

10. I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 26, 2015.

_____
TIMOTHY R. SLATER
Section Chief
Federal Bureau of Investigation
Washington, D.C.

3

Govt Exhibit D
Case No. 08-80736-CIV-MARRA