# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: SUBPOENA TO PAUL G. CASSELL<br><br>Underlying case:<br><br>VIRGINIA L. GIUFFRE, Plaintiff<br><br>v.<br><br>GHISLAINE MAXWELL, Defendant<br><br>No. 15-cv-07433-RWS (S.D.N.Y.) | MEMORANDUM DECISION AND ORDER Transferring Motion to Quash Subpoena or, in the Alternative, for a Protective Order<br><br>Case No. 2:16-mc-00602-DB-EJF<br><br>Senior Judge Dee Benson<br><br>Magistrate Judge Evelyn J. Furse |

Paul G. Cassell moves this Court to quash a subpoena issued to him by the defendant, Ghislaine Maxwell in *Giuffre v. Maxwell*, No. 1:15-cv-07433-RWS (S.D.N.Y. filed Sept. 21, 2015). (ECF No. 2.) Ms. Maxwell opposes the Motion to Quash. (ECF No. 8.) Mr. Cassell replied. (ECF No. 19.) On June 28, 2016, the Court heard oral argument on the motion. Having read the parties' submissions, heard oral argument, and reviewed the docket in the underlying case, the Court finds exceptional circumstances exist warranting transfer under Federal Rule of Civil Procedure ("Rule") 45(f) to the court having jurisdiction over the underlying case.

Neither party requests transfer. Mr. Cassell opposes transfer, and Ms. Maxwell does not oppose transfer. The issue of whether to transfer a motion to quash a subpoena to the court having jurisdiction over the underlying case is a non-dispositive matter. *Elliott v. Mission Trust Servs., LLC*, No. SA-14-MC-942-XR, 2014 WL 6772474, at *2 (W.D. Tex. Dec. 1, 2014) (unpublished);

*see also San Juan Cable LLC v. DISH Network LLC,* No. 14-mc-00261-RM-MJW, 2015 WL 500631, at *2 (D. Colo. Jan. 23, 2015) (unpublished).

Rule 45(f) made its debut in 2013. The Rule allows the court where compliance with a subpoena is required to transfer a subpoena-related motion to the issuing court in two situations: 1) when the subject of the subpoena consents, or 2) "if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The Committee note helpfully provides guidance:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Fed. R. Civ. P. 45(f) advisory committee's note to 2013 amendment.

Under the circumstances present, the Court finds transferring the Motion to the Southern District of New York will place little additional burden on Mr. Cassell and will provide consistency, fairness, and efficiency to all parties to this Motion and the underlying litigation. Therefore, this Court ORDERS the Motion TRANSFERRED to *Giuffre v. Maxwell*, No. 1:15-cv-07433-RWS (S.D.N.Y. filed Sept. 21, 2015).

Virginia L. Giuffre filed the underlying case in September 2015. The parties have heavily litigated the case, as evidenced by the 253 docket entries. Thus, this case differs from cases where the court in the underlying case may not have a great deal of familiarity with the issues in the case because a Motion to Quash from an out of district non-party is the first or one of a few motions in dispute.

Additionally, Mr. Cassell is one of Ms. Giuffre's attorneys. Before the Court granted Mr. Cassell's pro hac vice motion, defense counsel challenged the grant because they believed him to be a witness. In deciding that challenge, Judge Sweet already received information on the attorney-client relationship between Mr. Cassell and Ms. Giuffre. (*Giuffre v. Maxwell*, ECF Nos. 80, 84.) Thus, Judge Sweet already has familiarity with the involvement Mr. Cassell has in the facts of the underlying case and the types of documents the court could expect him to have in his possession, custody, or control, and the relevance of those documents to the underlying litigation.

Furthermore, Mr. Cassell raises the issue of attorney-client privilege because he represents Ms. Giuffre in this and other matters at issue in the subpoena. The parties have already started addressing Ms. Giuffre's privilege with Judge Sweet, (*Giuffre v. Maxwell*, ECF Nos. 33, 164), placing him in a superior position to address the nuanced privilege issues raised by this Motion to Quash. The issues the court can anticipate based on the briefing on this Motion and those listed in the docket from New York include not only standard issues of whether the document involved an attorney-client communication but rather more searching inquiries about whether the advice was legal or business (regarding the formation of Victims Refuse Silence, Inc.), whether Ms. Giuffre waived her attorney-client privilege by putting certain matters at issue, how much of the withheld communications need to be logged and how, etc.

Adding to the complexity, a number of documents that Ms. Maxwell seeks are document she originally sought from Ms. Giuffre. Mr. Cassell offers as one of the bases to quash the subpoena that Ms. Giuffre constitutes the better source for the documents. If indeed Mr. Cassell has documents in his possession that belong to Ms. Giuffre, then Ms. Giuffre would more properly bear the burden of production. Similarly, Mr. Cassell argues that the subpoena to him duplicates discovery already provided or outstanding discovery sought from other nonparties. Given Judge

Sweet has ruled on, or will rule on, the discovery requests made to Ms. Giuffre and others mentioned in this subpoena, (*Giuffre v. Maxwell*, ECF Nos. 33, 35, 38, 63, 64, 75, 101, 143, 155, 164, 205, 207, 215, 221, 230, 231), he is in a better position to rule on Mr. Cassell's Motion with a full understanding of the discovery requests made to Ms. Giuffre and others, their compliance with those requests, and the appropriateness of those requests.

Mr. Cassell's counsel suggested at oral argument that to the extent this Court wants to wait to see whether other sources will produce the requested documents, it could stay its ruling on those issues until after production or rulings on those motions. This suggestion highlights the interconnectedness of this subpoena with other discovery issues pending in front of Judge Sweet and argues in favor of transfer to allow all of these rulings to create a consistent set of discovery decisions to address all matters in the litigation.

Further complicating the situation, two cases in Florida relate to this case. Those cases, like the New York case, involve subject matter that can be inflammatory and involves criminal prosecutions. Therefore, all of these cases involve confidentiality issues and sealing orders. Judge Sweet already has knowledge of how these cases interact and the meaning of the orders in his case as well as those in the Florida cases. For this Court to come up to speed on all of Judge Sweet's rulings and the relevant rulings in the Florida cases would waste judicial resources.

The Court also finds the timing of the subpoena weighs in favor of transfer. Discovery is currently set to close July 1, 2016. Judge Sweet, because of his familiarity with the underlying case, will be able to rule on this Motion more quickly than this Court could and avoid unnecessary extensions of the discovery schedule.

As to the burden on Mr. Cassell, the parties have briefed and argued this matter in front of this Court in Mr. Cassell's home district. This Court will provide the complete briefing and an

audio copy of the oral argument to Judge Sweet. To the extent Judge Sweet has further questions, he can hold an additional hearing but could quite likely rule without an additional hearing. Thus, the additional burden on Mr. Cassell is minimal to non-existent, depending on whether Judge Sweet finds an additional hearing necessary. Assuming Judge Sweet does find a further hearing necessary, Mr. Cassell has demonstrated both a willingness and an ability to appear in Judge Sweet's court by appearing on behalf of Ms. Giuffre as her attorney in the underlying case. Mr. Cassell is not Ms. Giuffre's only attorney. Indeed, he did not initially appear on the matter as her attorney of record. Further, the Southern District of New York is not known for a dearth of competent counsel. Thus, while Mr. Cassell appears pro bono, he has chosen to do so in a distant forum and appearance for one additional, potential hearing places a minimal burden on him and could likely be combined with other obligations in the matter if necessary.

The Court considers the burden on Mr. Cassell of transfer and finds that burden outweighed by the interests of fairness, consistency, judicial economy, and speed of resolution. Uniformity of discovery rulings in a case of this complexity is critical to achieving fairness to the parties and non-parties. For the reasons stated above, this Court finds any ruling it might issue has great potential for disrupting the issuing court's management of the underlying litigation both procedurally and substantively. This Motion presents exceptional circumstances that warrant its transfer to the Southern District of New York.

DATED this 30th day of June, 2016.

BY THE COURT:

EVELYN J. FURSE
United States Magistrate Judge

5